UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ME2 PRODUCTIONS, INC.,                          MEMORANDUM
                        Plaintiff,            AND ORDER
          - against -
DOE-67.245.46.234, et al.,                      17-CV-3467 (FB) (JO)
                    Defendants.
----------------------------------------------------------X

James Orenstein, Magistrate Judge:

      Plaintiff ME2 Productions, Inc. ("MPI") seeks leave to serve subpoenas, prior to the start of general discovery, on certain Internet Service Providers ("ISPs") so that it can identify the otherwise unknown defendants associated with certain Internet Protocol ("IP") addresses. For the reasons explained below, I grant the request to the extent MPI seeks information about the names and current postal addresses associated with the IP addresses, and deny the request to secure the associated email addresses.

I.    <u>Background</u>

      On June 8, 2017, MPI filed a Complaint against 15 defendants whom it identified only by the IP addresses that they used to access the peer-to-peer file-sharing protocol known as BitTorrent.[1] MPI claims that each defendant infringed its copyright by making unauthorized use of the motion picture titled *Mechanic: Resurrection* (the "Motion Picture"). *See* Docket Entry ("DE"1) (Complaint); 17 U.S.C. §§ 101, *et seq.* (the Copyright Act of 1976). Specifically, MPI alleges that each defendant used BitTorrent to search for, reproduce, and distribute over the Internet copies of the Motion Picture. Complaint ¶ 30.

---

[1] MPI identified the 15 defendants as: Doe-67.245.46.234, Doe-184.153.117.83, Doe-66.108.249.101, Doe-142.255.96.133, Doe-74.88.67.7, Doe-148.75.228.206, Doe-47.16.207.51, Doe-47.20.250.79, Doe-173.56.0.79, Doe-158.222.188.75, Doe-108.29.131.95, Doe-184.152.59.37, Doe-74.73.163.55, Doe-67.80.6.219, and Doe-74.88.160.254.

Lacking information about the defendants' true identities, MPI has thus far been unable to serve process, and as a result any discovery requests would normally be premature (and also, obviously, impractical). *See* Fed. R. Civ. P. 26(d)(1). On June 12, 2017, MPI filed a motion seeking leave to serve subpoenas on three ISPs for information the latter entities maintain that will associate the defendants' IP addresses with their users names, and postal and email addresses. DE 5 ("Motion").[2]

II. Discussion

A litigant may not seek discovery "from any source" prior to the parties' discovery planning conference except as "authorized … by court order." Fed. R. Civ. P. 26(d)(1). A court must have "good cause" to grant such an order. *See In re Malibu Media Adult Film Copyright Infringement Cases*, 2015 WL 3605834, at *2 (E.D.N.Y. June 8, 2015); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012). Courts in this circuit consider several factors in deciding whether good cause exists:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, … (2) [the] specificity of the discovery request; … (3) the absence of alternative means to obtain the subpoenaed information; … (4) [the] need for the subpoenaed information to advance the claim, … and (5) the [objecting] party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (alteration in original) (quoting *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *see In re BitTorrent*, 296 F.R.D. at 87; *Malibu Media, LLC v. Doe*, 2015 WL 4092417, at *1 (S.D.N.Y. July 6, 2015); *Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132, 133 (W.D.N.Y. 2015). I discuss each factor in turn below.

---

[2] MPI also asked to postpone scheduling an initial discovery planning conference. *Id.* at 1; *see* Fed. R. Civ. P. 16. Because I would not in any event schedule such a conference before the parties have met and conferred, let alone before the defendants have been served or have appeared, that request is moot. *See* Fed. R. Civ. P. 16(b)(1)(A), (2).

A. <u>Concreteness</u>

To establish a prima facie claim of copyright infringement, MPI must allege both ownership of a valid copyright and the defendants' infringement of that copyright. *In re Malibu Media*, 2015 WL 3605834, at *4. MPI sufficiently alleges that it is the registered owner of the exclusive rights in the Motion Picture. Complaint ¶¶ 14-15 & Ex. B. MPI also alleges that the defendants employed BitTorrent to "search for, reproduce and distribute Infringing Copies of the Subject Motion Picture to the public, thereby violating Plaintiff's exclusive rights protected by the Copyright Act." *Id.* ¶ 30. MPI submitted with its Complaint a list of ISPs for each of the defendant IP addresses, as well as a date and time that the allegedly infringing action occurred with regard to each IP address. *Id.* Ex. A. MPI asserts that its investigator was able to ascertain to a "reasonable degree of certainty" that the defendants' IP addresses were assigned to individuals located in this district, and that the allegedly infringing acts occurred within this district. *Id.* ¶ 6, Ex. A. The allegations, together with the exhibits attached to the Complaint, set forth a sufficiently concrete showing that each defendant infringed MPI's copyright in the Motion Picture. *See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) ("*Malibu Media II*").

B. <u>Specificity</u>

To demonstrate specificity, MPI's request must be "sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *In re BitTorrent*, 296 F.R.D. at 88 (quoting *Sony Music*, 326 F. Supp. 2d at 566). Some of the information MPI seeks is so specific: providing MPI with the names and postal addresses associated with each defendant's IP address will allow MPI to serve process on a specific individual or entity. However, an email address, like an IP address, is not necessarily associated with one user, and cannot be used to effect service of process. *See In re BitTorrent*, 296 F.R.D. at 84-85, 93; *Media Malibu, LLC v. Doe*,

3

2016 WL 4154275, at *1 (S.D.N.Y. Aug. 5, 2016); *Malibu Media II*, 2016 WL 2894919, at *3; *In re Malibu Media*, 2015 WL 3605834, at *4-5. Accordingly, the second factor favors granting some but not all of the relief MPI seeks.

C. Alternatives

MPI contends that the information requested cannot be obtained by other means, because "there are no publicly available records that identify individuals based on IP addresses managed by ISPs." Motion at 3. I agree, as have other courts in comparable circumstances. *See Malibu Media II*, 2016 WL 2894919, at *3; *In re BitTorrent*, 296 F.R.D. at 88. This factor favors MPI.

D. Necessity

MPI correctly argues it cannot serve process and prosecute its case "without ascertaining the identity and address of each Doe Defendant[.]" Motion at 3. Consistent with other courts, I agree. *See Malibu Media II*, 2016 WL 2894949, at *3; *In re Malibu Media*, 2015 WL 3605834, at *4 (collecting cases); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013) ("*Malibu Media I*"). But while MPI needs names and postal addresses to effect service and prosecute its claims, it does not need email addresses for those purposes. *See In re BitTorrent*, 296 F.R.D. at 89. This factor thus favors granting some but not all of the relief MPI seeks.

E. Privacy

Addressing the fifth factor, MPI observes that New York courts have found that "persons engaging in the downloading and distribution of copyrighted materials have very little expectation of privacy." Motion at 3. I agree, but only to an extent. It is true that courts in this circuit have concluded that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media II*, 2016 WL 2894919, at *3 (quoting *Malibu Media I*, 2013 WL 3732839, at *6). But that does not mean that the defendants have waived all privacy rights relative to MPI; it only means that their interest in privacy cannot shield them from being sued and forced to defend

4

against MPI's allegations. Allowing MPI enough information to do that much – by allowing it to subpoena the names and postal addresses associated with the defendants' IP addresses – strikes a fair balance between MPI's interest in prosecuting its claims and the defendants' privacy. Allowing MPI to subpoena other information before the defendants have appeared and had an opportunity to object to such an intrusion does not.

III.     Conclusion

For the reasons set forth above, I grant the plaintiff's motion to the extent it seeks to serve subpoenas seeking the names and postal addresses associated with the defendants' IP addresses, and deny the remainder of the motion.

SO ORDERED.

Dated: Brooklyn, New York
       June 22, 2017

						/s/
					James Orenstein
					U.S. Magistrate Judge